UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                           :         SG 3836
                                                           :
                                                           :         Docket No.: 13 Civ. _____
THERESA LANG                                               :
                                                           :         COMPLAINT
                    Plaintiff,                             :
        -against-                                          :
                                                           :
UNDERWRITERS AT LLOYD'S LONDON,                            :
                                                           :
                    Defendant.                             :
                                                           :
                                                           :
-----------------------------------------------------------------x

Plaintiff, by her attorneys Gauthier, Houghtaling & Williams, LLP states and alleges the following upon information and belief:

## THE PARTIES

1. Plaintiff is an individual, citizen of the United States, who resides and is domiciled within the State of New York and the Eastern District of New York.

2. Defendant Underwriters at Lloyd's, London (hereinafter "Lloyd's London") was and is a corporation duly organized and existing under and by virtue of the laws of a foreign country, doing business in New York, with an office for service of process located at The Museum Office Building, 25 West 53rd Street, 14th Floor, New York, NY 10019.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 and 1441 because Plaintiff is a citizen of the State of New York, Defendant Lloyd's London is a

citizen of a foreign country, and the amount in controversy as to Plaintiff is in excess of $75,000 exclusive of interest and costs.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. Section 1391 because Plaintiff's claim arise in the Eastern District of New York, the insured property is located in the Eastern District of New York and Defendant Lloyd's London is subject to personal jurisdiction in the Eastern District of New York.

## NATURE OF THE ACTION

5. This is an action for damages arising out of the failure and refusal of Defendant Lloyd's London to honor its obligations under an individual property insurance policy that Lloyd's London sold and issued to Plaintiff. Plaintiff seeks judgment that Lloyd's London is liable to Plaintiff for damages caused by Superstorm Sandy to Plaintiff's insured property.

## FACTUAL BACKGROUND

6. Lloyd's London sold and issued a policy of insurance (the "Policy") to Plaintiff covering losses to her dwelling and personal property. Plaintiff's Policy number is shown below. The Policy was in full force and effect on the date of the incident referred to herein. Plaintiff paid all premiums when due. Her property was covered under Plaintiff's Policy with Lloyd's London at the address shown below:

| No. | Name of Plaintiff-Insured | Policy No. | Property Location |
|---|---|---|---|
| 1 | Theresa Lang | LLDW004362 | 204 Oceanside Avenue, Rockaway Point, NY 11697, Queens County |

7. On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation of property.

8. As a result of the Storm, Plaintiff sustained substantial losses and wind damage to her property, all of which was covered by the Policy that Lloyd's London issued to Plaintiff.

2

9. Plaintiff reported the damage and properly submitted a claim for wind damage to Lloyd's London. Plaintiff duly performed all of the conditions of her Policy and fully complied with all provisions and investigations of her claims.

10. Lloyd's London, its agents, servants and/or employees improperly adjusted and denied at least a portion of Plaintiff's claims without an adequate investigation, even though Plaintiff's losses were covered under her Policy.

11. Lloyd's London, its agents, servants and/or employees unjustifiably refused to perform its obligations under the property insurance Policy and wrongfully denied payment in the full amount of Plaintiff's claims.

12. Plaintiff hired independent experts and consultants to evaluate the damage she sustained to her property. Plaintiff's losses were thoroughly documented and submitted to Lloyd's London for review. Despite its contractual duty under the Policy to fairly and properly adjust these claims, Lloyd's London failed and refused to sufficiently compensate Plaintiff for her covered losses.

13. Because Lloyd's London and/or its agents failed to pay and/or underpaid Plaintiff on her claims, Plaintiff has either not been able to properly and/or completely repair the damages to her property, or repairs were delayed due to lack of funds. This has caused additional damages to Plaintiff that were within the contemplation of the parties as a foreseeable consequence of Lloyd's London's failure or delay in performing its obligations under the Policy.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

14. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

15. The Policy, at all times relevant and material to the case, constituted a contract between Plaintiff and Lloyd's London.

16. Plaintiff fully performed under the contract by paying all premiums when due and by cooperating with Lloyd's London regarding the claims. Plaintiff timely complied with all conditions precedent to her recovery herein, including appropriate and adequate demand. Alternatively, Lloyd's London waived or excused such conditions precedent.

17. Lloyd's London failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiff what she is owed for damages caused by the Storm to property covered under the Policy. Lloyd's London also breached the contract by failing to perform other obligations it owed Plaintiff under the Policy.

18. By reason of Lloyd's London's breach, including its failure to reimburse Plaintiff for the covered losses, Lloyd's London is liable to and owes Plaintiff for the actual damages she suffered as a result of Lloyd's London's breach, all costs associated with recovering, repairing and/or replacing the covered property, including compensatory damages, in an amount to be established at trial but no less than the Policy limits, together with interest and all other damages that Plaintiff may prove as allowed by law.

PRAYER

WHEREFORE, Plaintiff requests judgment against Defendant Underwriters at Lloyd's London for compensatory damages in an amount to be established at trial but no less than the Policy limits; pre-judgment and post-judgment interest as provided by law and all other relief the Court may deem just and proper.

Respectfully submitted,

Gauthier, Houghtaling & Williams, LLP

By: _/s/ Sean Greenwood_
      Sean Greenwood
      SG 3836
      Attorney for Plaintiff
      52 Duane Street Floor 7
      New York, NY 10007
      Telephone: (646) 461-9197
      Facsimile: (212)732-6323

TO:   Underwriters at Lloyd's London
      The Museum Office Building
      25 West 53rd Street
      14th Floor
      New York, NY 10019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:            SG 3836
:
:
THERESA LANG                                                        13 Civ. _____
:
                        Plaintiff,                                  RULE 7.1(a) STATEMENT
:
        -against-
:
UNDERWRITERS AT LLOYD'S LONDON,
:
                        Defendant.
:
:
:
-----------------------------------------------------------------x

     PURSUANT to Rule 7.1(a) (Formerly Local Civil Rule 1.9) of the Federal Rules Civil Procedure, in order to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff, a non-governmental party, certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held: NONE.

     Respectfully submitted,

     Gauthier, Houghtaling & Williams, LLP

     */s/ Sean Greenwood*
By: _____
     Sean Greenwood
     SG 3836
     Attorneys for Plaintiff
     52 Duane Street Floor 7
     New York, NY 10007
     Telephone: (713) 343-1614
     Facsimile: (713) 630-8074

TO:   Underwriters at Lloyd's London
      The Museum Office Building
      25 West 53rd Street
      14th Floor
      New York, NY 10019